FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2014 MAY -8 P 2: 23

CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

JACOB ASHER PLOWRIGHT,           )
                                 )
    Petitioner,                  )
                                 )
v.                               )    CV 114-057
                                 )    (Formerly CR 107-167)
UNITED STATES OF AMERICA,        )
                                 )
    Respondent.                  )

## ORDER

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed (doc. no. 4). The Magistrate Judge recommended dismissing Petitioner's motion under 28 U.S.C. § 2255, because it is successive and Petitioner was not granted permission by the Eleventh Circuit to file a successive § 2255 motion. (Doc. no. 2.)

In his objections, Petitioner argues that his § 2255 motion is not second or successive, because his claim is based on Alleyne v. United States, 133 S. Ct. 2151 (2013) and thus could not be raised by him in his previous motion. (See doc. no. 4.) However, the Magistrate Judge thoroughly addressed Petitioner's argument in the Report and Recommendation, and correctly found that it did not fall into the small subset of claims not considered second or successive under Stewart v. United States, 646 F.3d 856 (11th Cir. 2011). (See doc. no. 2, pp. 3-4.) Furthermore, the rule announced in Alleyne does not apply retroactively on collateral review. See Chester v. Warden, --- F. App'x ---

, No. 12-15119, 2014 WL 104150, at *4 (11th Cir. Jan. 13, 2014) (*per curiam*) ("Alleyne's rule does not apply retroactively on collateral review"); Starks v. Warden, FCC Coleman-USP I, --- F. App'x ---, No. 12-15956, 2013 WL 6670797, at *3 (11th Cir. Dec. 19, 2013) (*per curiam*) (same).

Even if Alleyne did apply retroactively on collateral review, the Supreme Court stated therein that it was not addressing the exception to this rule, stated in Almendarez–Torres v. United States, 523 U.S. 224 (1998), that enhancement for a prior conviction is not an element that must be submitted to the jury. Alleyne, 133 S. Ct. 2160 n.1; see also United States v. Harris, 741 F.3d 1245, 1249-50 (11th Cir. 2014) (whether sentence can be increased because of prior convictions still governed by Almendarez-Torres, not Alleyne, and thus the fact of a prior conviction is not an element that must be found by a jury). Because Petitioner challenges his sentence under 18 U.S.C. § 924(c)(1)(C), which enhances sentences for second or subsequent convictions, Alleyne is irrelevant to his claim. See Harris, 741 F.3d at 1249-50. Because they do not provide any reason to depart from the conclusions in the Report and Recommendation, the Court **OVERRULES** Petitioner's objections, **ADOPTS** the Report and Recommendation of the Magistrate Judge as its opinion, and **DISMISSES** the § 2255 motion.

Further, a federal prisoner must obtain a certificate of appealability ("COA") before appealing the denial of his motion to vacate. This Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) to the Rules Governing Section 2255 Proceedings. This Court should grant a COA only if the prisoner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons set forth in the Report and Recommendation,

and in consideration of the standards enunciated in Slack v. McDaniel, 529 U.S. 473, 482-84 (2000), Petitioner has failed to make the requisite showing. Accordingly, the Court **DENIES** a COA in this case.[1] Moreover, because there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Accordingly, Petitioner is not entitled to appeal *in forma pauperis*. See 28 U.S.C. § 1915(a)(3).

Upon the foregoing, the Court **CLOSES** this civil action.

SO ORDERED this 8th day of May, 2014, at Augusta, Georgia.

_____
UNITED STATES DISTRICT JUDGE

---

[1] "If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a) to the Rules Governing Section 2255 Proceedings.

3