ORIGINAL

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2015 JAN 22 P 2: 07
CLERK J Butler
SO. DIST. OF GA.

| | | |
|---|---|---|
| JACOB ASHER PLOWRIGHT, | * | |
| Petitioner, | * | |
| v. | * | CV 114-057 |
| | * | (CR 107-167) |
| UNITED STATES OF AMERICA, | * | |
| Respondent. | * | |

# O R D E R

Before the Court is Petitioner's "motion for discretionary relief." (Doc. no. 14.) For the reasons stated herein, the motion is **DENIED**.

Petitioner is serving a 384-month sentence after pleading guilty to brandishing and discharging a firearm during a crime of violence. (CR 107-167, doc. no. 198.) On March 20, 2012, the Court dismissed on the merits Petitioner's 28 U.S.C. § 2255 motion. (CV 111-065, doc. no. 11.) On May 8, 2014, the Court dismissed Petitioner's second § 2255 motion, finding that it was successive. (CV 114-057, doc. no. 5.)

On December 18, 2014, Petitioner filed the instant motion to reconsider his first § 2255 motion under Federal Rule of Civil Procedure 60(b)(6)(providing that a court may relieve a party from a final judgment in certain enumerated circumstances or "for any other reason that justifies relief"). Petitioner cites <u>Martinez v. Ryan</u>, 132 S.Ct. 1309

(2012), which provides that an attorney's errors during an appeal on direct review may provide cause for a federal habeas court to excuse a procedural default.

In <u>Martinez</u>, a state court dismissed a state prisoner's ineffective assistance of counsel claim in his second petition for postconviction relief because the prisoner's lawyer failed to raise that claim in his first petition. Thus, the prisoner's ineffective assistance claim procedurally defaulted. The prisoner then brought a claim for ineffective assistance of trial counsel in a petition for federal habeas relief, which the district court dismissed due to the prisoner's earlier procedural default in state court. The United States Supreme Court held that inadequate assistance of counsel at initial-review state collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial.

Here, Petitioner asks the Court pursuant to Rule 60(b)(6) to reopen his first § 2255 motion and find that his lawyer at trial was ineffective for failing to raise on direct review the following issues:

> (1) the Court did not comply with Federal Rule of Criminal Procedure 11(b)(1)(H) & (I) (requiring the Court, before accepting a guilty plea, to advise a defendant of any maximum and mandatory minimum penalty); and
>
> (2) whether Counts Three (brandishing a firearm) and Seven (discharging a firearm) of the indictment violate the Double Jeopardy Clause of the Fifth Amendment and, if so, whether the rule of lenity

2

should be applied to the interpretation of 18 U.S.C. § 924(c)(sentence enhancement for second or subsequent conviction for the use of a firearm during the commission of a crime of violence).

(Doc. no. 14.) He argues that, pursuant to Martinez, any procedural default in his first § 2255 motion should have been excused due to the ineffectiveness of his trial counsel in failing to raise certain issues on direct appeal.

The Government correctly notes, however, that there was no procedural default involved in Petitioner's first § 2255 motion and therefore Martinez does not apply. Unlike Martinez, Petitioner's ineffective assistance of counsel claim was adjudicated on the merits.

Further, a motion under Rule 60(b) must be made within a reasonable time. Fed. R. Civ. P. 60(c). Martinez was decided on the same date that the Court dismissed Petitioner's first § 2255 motion: March 20, 2012. Petitioner filed the instant motion approximately thirty-three months after that date and does not offer a reason for his delay. Even if Martinez did apply, the Court finds that his motion was not made within a reasonable time.

**IT IS THEREFORE ORDERED** that Petitioner's motion for discretionary relief (doc. no. 14) is **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this 22nd day of January, 2015.

UNITED STATES DISTRICT JUDGE

3