IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2018 AUG -2 PM 3: 08

CLERK_____
SO. DIST. OF GA.

JACOB ASHER PLOWRIGHT,      *
                            *
    Petitioner,             *
                            *
        vs.                 *      CV 114-057
                            *      (underlying CR 107-167)
UNITED STATES OF AMERICA,    *
                            *
    Respondent.             *

_____

**O R D E R**

_____

In 2008, Petitioner Jacob Asher Plowright was convicted
on two counts of using, carrying and brandishing a firearm
during a crime of violence, violations of 18 U.S.C. §
924(c)(1)(A). He was sentenced to serve 384 months in prison.

In May 2011, Plowright filed a motion to vacate, set
aside, or correct his federal sentence under 28 U.S.C. § 2255,
contending the district court erred in its sentence and that
his counsel was ineffective for advising him to plead guilty.
(See Plowright v. United States, CV 111-065 (S.D. Ga. May 5,
2011).) Upon addressing the merits of his claims, the United
States Magistrate Judge entered a Report and Recommendation
recommending the dismissal of Plowright's § 2255 petition.
This Court adopted the Report and Recommendation over
Plowright's objections on March 20, 2012.

On March 3, 2014, Plowright filed a second § 2255 motion,
seeking retroactive application of Alleyne v. United States,

570 U.S. 99 (2013). (See Plowright v. United States, CV 114-057 (S.D. Ga. Mar. 3, 2014).) The United States Magistrate Judge again recommended dismissal, this time upon a finding that his second § 2255 motion was successive and that he required the authorization of the Eleventh Circuit Court of Appeals before filing the motion. This Court adopted the Report and Recommendation over Plowright's objections on May 8, 2014.

At present, Plowright has filed a motion to vacate this Court's Order of May 8, 2014, which dismissed his second § 2255 motion as successive.[1] Plowright cites the recent Supreme Court decision: Sessions v. Dimaya, 138 S. Ct. 1204 (2018).[2] Plowright believes that this case will render him "actually innocent" of his § 924(c)(1) conviction because the underlying robbery supporting the "crime of violence" element can no longer be considered a "crime of violence." Plowright cites Federal Rule of Civil Procedure 60(b), essentially seeking reconsideration of this Court's dismissal of his

---

[1] While Plowright uses the case number of his first § 2255 case within the caption of his motion, he moves to vacate the final Order in his second § 2255 case. The Clerk of Court properly docketed the motion to vacate in the second § 2255 case.

[2] In Dimaya, the Supreme Court held that 18 U.S.C. § 16(b), the residual clause of the federal criminal code's definition of "crime of violence," as incorporated into the Immigration and Nationality Act's definition of the term "aggravated felony," 8 U.S.C. § 1101(a)(43(F), is unconstitutionally vague. 138 S. Ct. at 1204.

second § 2255 motion.

In <u>Gonzalez v. Crosby</u>, 545 U.S. 524, 530-32 (2005), the Supreme Court held that where a petitioner's Rule 60(b) motion contains a new claim for relief, such as a claim arising out of "a subsequent change in substantive law" or a new rule of law made retroactive to collateral review cases, that motion, although styled as a Rule 60(b) motion, is a second or successive habeas petition which must be dismissed unless the petitioner has first secured permission to file the motion from the Court of Appeals.

In short, in order for Plowright to prosecute this attack on the legality of his sentence, he must file a new § 2255 claim. However, because he has already filed a § 2255 motion, Plowright must move the Eleventh Circuit Court of Appeals for an order authorizing this Court to consider a second or successive § 2255 motion. <u>See</u> 28 U.S.C. §§ 2255, 2244(b)(3). Until Plowright acquires the necessary authorization, this Court does not have jurisdiction to consider his present motion. Accordingly, his "motion to vacate" (doc. no. 27) is **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this ___2nd___ day of August, 2018.

_____
UNITED STATES DISTRICT JUDGE