**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION**

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2019 JUL 30 PM 3: 30

CLERK_____
SO. DIST. OF GA.

UNITED STATES OF AMERICA     \*

                        \*

     v.                   \*         CR 107-167-1

                        \*

JACOB ASHER PLOWRIGHT     \*

---

## O R D E R

---

On March 18, 2008, Defendant Jacob Asher Plowright pled guilty to two counts of using, carrying, and brandishing a firearm during a crime of violence. He was sentenced to a total term of imprisonment of 384 months. The Eleventh Circuit Court of Appeals affirmed his conviction and sentence. In 2011, Defendant filed a motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255, which was denied on March 20, 2012. Defendant's second § 2255 motion was dismissed as second or successive on May 8, 2014.

On July 26, 2019, Defendant submitted a letter to the Court which has been docketed as a motion for relief from judgment. Defendant asserts that he may be entitled to relief pursuant to a new rule of constitutional law announced in United States v. Davis, --- U.S. ---, 139 S. Ct. 2319 (Jun. 24, 2019). Specifically, in Davis, the United States Supreme Court found that the "residual clause" of 18 U.S.C. § 924(c) is unconstitutionally vague.[1]

---

[1] Section 924(c) imposes a mandatory sentence for a defendant who uses or carries a firearm "during and in relation to any crime of violence." A "crime of violence" under that section is defined as follows:

In order to attack the legality of his sentence, which is what Defendant is trying to do, Defendant must petition for habeas corpus relief under 28 U.S.C. § 2255 by filing a motion to vacate, set aside or correct his sentence. As the Court pointed out, however, Defendant has already filed a § 2255 motion. In order for him to bring another § 2255 motion, Defendant must move the Eleventh Circuit Court of Appeals for an order authorizing this Court to consider a second or successive § 2255 motion. See 28 U.S.C. §§ 2255, 2244(b)(3). This Court does not have jurisdiction to address Defendant's motion for relief under Davis without such authorization. Accordingly, Defendant's motion to appoint counsel (doc. no. 359) is **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this _30_ day of July, 2019.

_____
UNITED STATES DISTRICT JUDGE

---

For purposes of this subsection the term "crime of violence" means an offense that is a felony and

(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another [the "force" clause], or

(B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense [the "residual" clause].

18 U.S.C. § 924(c)(3). The Davis Court invalidated only the residual clause.