FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2019 AUG 22 PM 1:12
CLERK J. Hodge
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CR 107-167-1 |
| | * | |
| JACOB ASHER PLOWRIGHT | * | |

**O R D E R**

On July 30, 2019, the Court directed Defendant Jacob Asher Plowright that to the extent he wished to challenge his conviction under the recent decision of United States v. Davis, --- U.S. ---, 139 S. Ct. 2319 (Jun. 24, 2019), he must petition the Eleventh Circuit Court of Appeals for an order authorizing this Court to consider a second or successive motion under 28 U.S.C. § 2255. (See Order of July 30, 2019, Doc. 360.) This Court does not have jurisdiction to address Defendant's motion for relief under Davis without such authorization. (Id.)

On August 16, 2019, Defendant filed a "Motion to Relate Back Claim to Timely Filed 2255 Proceeding Dated May 5, 2011 and Motion for Appointment of Counsel." He also included his proposed Amended Petition for § 2255 relief. Defendant is trying to circumvent the Court's directive and the second or successive petition restriction by delineating his Davis claim as a claim that relates back to a prior claim challenging his conviction. He simply states that his Davis claim is "'tied' to the same core of operative facts as to

whether brandishing a firearm conviction constitute[s] a crime of violence under 924(c)(3)(A)." (Def.'s Mot., Doc. 361, ¶ 6.)

The premise of Defendant's motion, that his Davis claim relates back to his previously filed § 2255, is erroneous. In his original § 2255 petition, Defendant raised two grounds for relief: 1) ineffective assistance of counsel, and 2) the validity of sentencing him as a "repeat offender" under 18 U.S.C. § 924(c)(1)(C).[1] (See Report and Recommendation of March 1, 2012, Doc. No. 273.) Defendant did not challenge the legality of his convictions based upon the vagueness of the residual clause of 18 U.S.C § 924(c)(3)(B), which is the essence of a Davis claim. Accordingly, Defendant's Davis claim does not relate back to either claim in his original § 2255 petition, and his attempt to amend the original § 2255 is impermissible. See Mayle v. Felix, 545 U.S. 644, 650 (2005) (holding that "an amended habeas petition . . . does not relate back . . . when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth").

The Court reiterates that Defendant's Davis claim cannot be considered unless and until he receives authorization from the Eleventh Circuit Court of Appeals to file a successive § 2255 motion.

---

[1] Defendant's second § 2255 motion, seeking retroactive application of Alleyne v. United States, 570 U.S. 99 (2013), was dismissed as second or successive.

2

Accordingly, his motion to amend his prior § 2255 petition (doc. no. 361) is **DENIED**.[2]

**ORDER ENTERED** at Augusta, Georgia, this 22nd day of August, 2019.

*/s/ Dudley H. Bowen, Jr.*
UNITED STATES DISTRICT JUDGE

---

[2] To the extent that Defendant seeks the appointment of counsel through his present motion, the Court notes that a habeas petitioner has no absolute constitutional right to counsel. Henderson v. Campbell, 353 F.3d 880, 892 (11th Cir. 2003) (held in the context of a habeas proceeding under 28 U.S.C. § 2254). Rather, a court may appoint counsel only if the interests of justice so require. 28 U.S.C. § 2255(g) (incorporating by reference the standards of 18 U.S.C. § 3006A(a)(2)(B) for the appointment of counsel); see McCall v. Cook, 495 F. App'x 29, 31 (11th Cir. 2012) (stating that civil litigants, even prisoners, have no constitutional right to counsel; rather, appointment of counsel in civil cases is "a privilege that is justified only by exceptional circumstances" (quoted source omitted)). Here, Defendant has not shown that the interests of justice compel the appointment of an attorney.