FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
20 JUN 18 PM 2:51
CLERK_____
SO. DIST OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CR 107-167 |
| | * | |
| JACOB ASHER PLOWRIGHT | * | |

O R D E R

Presently before the Court is Defendant Jacob Asher Plowright's motion for resentencing under the compassionate release provision of 18 U.S.C. § 3582(c)(1)(A). Plowright points to the First Step Act of 2018's ("FSA") modification of 18 U.S.C. § 924(c)'s stacking provision and the COVID-19 pandemic to support his request for relief.

The FSA eliminated the provision of 18 U.S.C. § 924(c)(1)(C), which provided that a defendant convicted of multiple § 924(c) charges *at the same time* was subject to higher mandatory minimum penalties for each subsequent count, even if he had no prior § 924(c) convictions. Plowright was convicted of two § 924(c) counts in 2008; at the time, § 924(c) required a minimum sentence of 7 years for the first count of conviction followed by a consecutive sentence of at least 25 years for the second conviction. Following the passage of the FSA, a defendant similarly situated would not

be subject to a 25-year sentence on the second count which is concurrently imposed because the FSA modified the law to require the existence of a prior § 924(c) conviction "that has become final" before "stacking" can occur. See 18 U.S.C. § 924(c)(1)(C)(i). Congress, however, did not make this amendment retroactive.

Plowright nevertheless contends that the FSA's modification to 18 U.S.C. § 3582(c)(1)(A), commonly referred to as the "compassionate release" provision, provides this Court an opportunity to reduce his sentence "to correct the unjust lack of retroactivity." (See Def.'s Supp. to Mot., Doc. No. 371, at 2.) The modification to which Plowright refers is the ability of *a defendant* to file a motion for compassionate release whereas prior to the FSA, only the Director of the Bureau of Prisons ("BOP") could file such motion. Plowright contends that this modification signaled Congressional intent to allow a district court to determine what "extraordinary and compelling reasons" exist to warrant a reduction in sentence.

Contrary to Plowright's suggestion, the Court concludes that it is constrained to follow the applicable policy statements issued by the United States Sentencing Commission in consideration of compassionate release. See 18 U.S.C. § 3582(c)(1)(A). The existing policy statement, U.S.S.G. § 1B1.13, provides that in addition to the existence of extraordinary and compelling reasons,

2

the defendant must not present a danger to the safety of any other person or the community. Application Note 1 to this policy statement lists three specific examples of extraordinary and compelling reasons to consider reduction of a defendant's sentence under § 3582(c)(1)(A): (1) a serious medical condition;[1] (2) advanced age; and (3) family circumstances. Id. n.1(A)-(C). Plowright has not met the specific criteria for any of these categories. Indeed, in advancing his § 924(c) stacking contention, Plowright relies upon the catch-all category of Application Note 1, which provides: "**As determined by the Director of the Bureau of Prisons**, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with," the aforementioned three categories. Id. n.1(D) (emphasis added). Plowright would have this Court ignore the emphasized language and effectively step into the shoes of the BOP director and make its own determination of whether extraordinary and compelling circumstances exist.

Plowright's assertion in this regard is not without support. Indeed, many district courts across the nation have held that they may now consider whether extraordinary and compelling reasons for compassionate release exist outside of the three enumerated reasons listed in U.S.S.G. § 1B1.13 n.1. See, e.g., United States

---

[1] The Court will discuss Plowright's COVID-19 concerns infra.

3

v. Marks, --- F. Supp. 3d ---, 2020 WL 1908911 (W.D.N.Y. Apr. 20, 2020) (and cases cited therein). This Court, however, believes that the policy statement of the United States Sentencing Commission remains an appropriate and valid statement of policy, which this Court must follow. See 28 U.S.C. § 944(t). Indeed, § 3582(c)(1)(A) as amended by the FSA *still* requires courts to abide by policy statements issued by the Sentencing Commission. See 18 U.S.C. § 3582(c)(1)(A). Accordingly, this Court will not consider circumstances outside of the specific examples of extraordinary and compelling reasons to afford relief. Accord, e.g., United States v. Winner, --- F. Supp. 3d ---, 2020 WL 2124594 (S.D. Ga. Apr. 24, 2020); United States v. Lynn, 2019 WL 3805349, at *4 (S.D. Ala. Aug. 12, 2019) ("If the policy statement needs tweaking in light of Section 603(b) [of the First Step Act], that tweaking must be accomplished by the [Sentencing] Commission, not by the courts."); United States v. Johns, 2019 WL 2646663 (D. Ariz. June 28, 2019); United States v. Gross, 2019 WL 2437463 (E.D. Wash. June 11, 2019); United States v. Heromin, 2019 WL 2411311 (M.D. Fla. June 7, 2019); United States v. Willis, 2019 WL 2403192 (D.N.M. June 7, 2019); United States v. Shields, 2019 WL 2359231 (N.D. Calif. June 4, 2019) (stating that there is no "authority for the proposition that the Court may disregard guidance provided by the Sentencing Commission where it appears that such guidance has not kept pace with statutory amendments"). Accordingly, the

Court cannot consider Plowright's stacked sentence to be an extraordinary and compelling reason to warrant compassionate release.

As to Plowright's contention that he may be adversely affected by the COVID-19 pandemic justifying compassionate release, the Court denies this request as well. First, § 3582(c)(1)(A) requires a defendant to bring a motion for compassionate release after either exhausting administrative rights to appeal the BOP's failure to bring such a motion or the passage of thirty days from the defendant's unanswered request to the warden for such relief. 18 U.S.C. § 3582(c)(1)(A). Here, Plowright has neither averred nor provided evidence that he has complied with this process with respect to his request based upon the COVID-19 pandemic. Accordingly, Plowright's motion is premature and must be denied.

The Court also notes that Plowright cannot meet the serious medical condition category warranting compassionate release. Plowright states that he suffers from anxiety which can weaken his immune system. The Sentencing Commission, however, has clarified that a "serious physical or medical condition" "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and [is one] from which he or she is not expected to recover." U.S.S.G. § 1B1.13, n.1(A)(ii). Here, Plowright has failed to satisfy his burden to show he is entitled to compassionate release because he has

presented no evidence that his anxiety qualifies him as having a serious medical condition. Moreover, Plowright's generalized concerns about COVID-19 are insufficient to uniquely position him to be so adversely affected by COVID-19 that his release is warranted.

Upon the foregoing, Defendant Jacob Asher Plowright's motion for compassionate release (doc. no. 370) is hereby **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this 18 day of June, 2020.

_____
UNITED STATES DISTRICT JUDGE