IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CR 107-167 |
| | * | |
| JACOB ASHER PLOWRIGHT | * | |

**O R D E R**

Presently before the Court is Defendant Jacob Asher Plowright's second motion for compassionate release pursuant to 18 U.S.C. § 3582(c).[1] Section 3582(c)(1)(A), in conjunction with the policy statements issued by the United States Sentencing Commission, provides a narrow path for a defendant in "extraordinary and compelling circumstances" to leave prison early. The existing policy statement, U.S.S.G. § 1B1.13, provides that in addition to the existence of extraordinary and compelling reasons, the defendant must not present a danger to the safety of any other person or the community. Application Note 1 lists three specific examples of extraordinary and compelling reasons to

---

[1] The Court previously denied Defendant's motion for compassionate release based upon the First Step Act's elimination of the stacking provision of 18 U.S.C. § 924(c)(1)(C) for charges prosecuted at the same time. (See Order of June 18, 2020, Doc. No. 373.) Accordingly, the Court will not again address this aspect of Defendant's motion.

consider reduction of a defendant's sentence under § 3582(c)(1)(A): (1) a serious medical condition; (2) advanced age; and (3) family circumstances. Id. n.1(A)-(C).[2]

Defendant's motion attempts to implicate the first category. The Sentencing Commission has clarified that a "serious physical or medical condition" "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and [is one] from which he or she is not expected to recover." U.S.S.G. § 1B1.13, n.1(A)(ii). In this case, Defendant submits that his asthma, sickle cell anemia, and unexplained episodes of fainting/collapsing, in conjunction with COVID-19 should he contract it, satisfy this criteria.

Sickle cell disease is listed by the CDC as a condition that places a person at increased risk of severe illness from the contraction of COVID-19, while asthma (moderate to severe) is listed as a condition that "might" place a person with COVID-19 at increased risk." See Centers for Disease Control, *People with Certain Medical Conditions,* available at https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited on January 14, 2021). The

---

[2] The application note also provides a catch-all category: "As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with," the aforementioned three categories. Id. n.1(D). The Court has not been made aware that the BOP Director has sanctioned Defendant's early release.

2

problem with Defendant's claim, however, is that the inmate medical records and the Presentence Investigation Report belie his assertion of these current medical illnesses.  In the last year, asthma, let alone moderate to severe asthma, is not noted anywhere in his records.  To the contrary, they show that his lungs were clear on January 23, 2020, and he denied any shortness of breath. (Gov't Resp. in Opp'n, Doc. No. 381, Ex. B at 6-7.)  On April 29, 2020, he did not have a cough or shortness of breath.  (Id. at 5.) On November 24, 2020, he did not have a cough, shortness of breath or difficulty breathing.  (Id. at 1.)  He was reportedly taking no medications as of December 4, 2020.  (Id. at 13.)  Further, although he reported having sickle cell disease on December 4, 2020, he denied the same on June 21, 2020.  (Id. at 11, 13.)  And, while Defendant claims to have had these conditions since his youth, neither were reported to the United States Probation Office in the Presentence Investigation Report.  (PSR, ¶ 53.)  Finally, the medical records do not reveal any episodes of fainting or loss of consciousness.  In short, without medical evidence to support his claims, Defendant has not established an extraordinary and compelling reason to justify his release.

Importantly, even if the alleged medical conditions were present, it remains within the Court's discretion to determine whether a sentence reduction is warranted.  United States v. Hamilton, 715 F.3d 328, 337 (11th Cir. 2013).  In exercising its

discretion, the Court must consider the sentencing factors of 18 U.S.C. § 3553(a) prior to release. See 18 U.S.C. § 3582(c)(1)(A). In Defendant's case, these factors weigh against his release in light of the nature and circumstances of his offense. Also, Defendant has well over thirteen years remaining on his sentence; early termination of his sentence would fail to reflect the seriousness of the offense, promote respect for the law, provide just punishment, or afford adequate deterrence. Finally, given the instant criminal offenses of brandishing and discharging firearms during Hobbs Act robberies, and the fact that Defendant is a seemingly healthy 33-year-old who has not appeared to be forthright, the Court is not able to conclude that he is not a danger to the safety of the community. See U.S.S.G. § 1B1.13. Thus, the Court will not exercise its discretion to release Defendant under the compassionate release provision even if he had qualifying medical conditions.

The Court notes Defendant's requests for the appointment of counsel in relation to filing the instant motion. A prisoner, however, does not have a constitutional or statutory right to counsel in a proceeding under 18 U.S.C. § 3582(c). United States v. Webb, 565 F.3d 789, 794-95 (11th Cir. 2009). Moreover, this Defendant has more than adequately presented his motion and the grounds therefor; thus, the interests of justice do not demand the

4

appointment of counsel. Accordingly, Defendant's motions for the appointment of counsel (doc. nos. 378 & 384) are **DENIED**.

Upon the foregoing, Defendant Jacob Asher Plowright's motion for compassionate release (doc. no. 377) is hereby **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this 19th day of January, 2021.

_____
UNITED STATES DISTRICT JUDGE