**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CR 107-167 |
| | * | |
| JACOB ASHER PLOWRIGHT | * | |

---

**O R D E R**

---

In 2008 Defendant Jacob Asher Plowright pled guilty to two firearm offenses violative of 18 U.S.C. § 924(c)(1)(A), specifically brandishing a firearm during and in the course of committing a Hobbs Act robbery and discharging a firearm during a second Hobbs Act robbery.  At that time, § 924(c) required a minimum sentence of seven years for the first count and a consecutive sentence of at least 25 years for the second count; that is, the statute called for the sentences to be "stacked" even though the two § 924(c) convictions were obtained in a single prosecution.  Thus, on August 6, 2008, the Court sentenced Defendant to serve 384 months in prison.

Section 403 of the First Step Act of 2018 ("FSA") amended the stacking provision of § 924(c)(1)(C) to require the existence of a prior § 924(c) conviction "that ha[d] become final" before the 25-year mandatory sentence could apply.  See 18 U.S.C. §

924(c)(1)(C) (2018).    Congress, however, expressly made this statutory amendment non-retroactive.[1]

Defendant has tried to avail himself of the FSA's anti-stacking provision on at least two prior occasions when he moved for compassionate release in June and December 2020.    The Court rejected his "change in law" argument because it did not fall within the extraordinary and compelling categories listed in the Policy Statement applicable to compassionate release motions, U.S.S.G. § 1B1.13.    (Order of Jun. 18, 2020, Doc. No. 373.)

On November 1, 2023, the United States Sentencing Commission amended the Policy Statement to expand the circumstances it considers to be extraordinary and compelling.    There are now six "extraordinary and compelling reasons" that could warrant sentence reduction: (1) the defendant's medical circumstances; (2) the defendant's age; (3) the defendant's family circumstances; (4) whether the defendant is a victim of abuse; (5) other reasons that are "similar in gravity" to reasons one through four; and (6) whether the defendant has an unusually long sentence. U.S.S.G. § 1B1.13(b)(1)-(6).    Buoyed by the inclusion of the "Unusually Long

---

[1] Congress specified that § 924(c) as amended "shall apply to any offense that was committed before the date of enactment of [the FSA], if a sentence for the offense has not been imposed as of such date of enactment." FSA § 403(b); see also United States v. Smith, 967 F.3d 1196, 1210-13 (11th Cir. 2020) (holding that FSA § 403 does not apply retroactively). Because Defendant had already been sentenced, this change of law did not benefit him.

Sentence" provision, Defendant filed the instant motion for compassionate release. Upon due consideration, Defendant's motion must be denied.

To receive compassionate release, a defendant must establish three conditions:    (1) the existence of extraordinary and compelling circumstances; (2) adherence to the Policy Statement of U.S.S.G. § 1B1.13 (including a finding that the defendant is not a danger to the community); and (3) support in the sentencing factors of 18 U.S.C. § 3553(a). United States v. Tinker, 14 F.4th 1234, 1237-38 (11th Cir. 2021). Absence of even one of these requirements would foreclose a sentence reduction. Id.; United States v. Giron, 15 F.4th 1343, 1348 (11th Cir. 2021) ("[C]ompassionate release is permissible only if all three findings are made.").

Through his motion, Defendant contends that a reduction in sentence is warranted under U.S.S.G. § 1B1.13(b)(6), which provides as follows:

> If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

U.S.S.G. § 1B1.13(b)(6).[2]    Defendant    contends    that    his circumstances meet the criteria of § 1B1.13(b)(6) because he has served over ten years and the FSA's anti-stacking amendment to the § 924(c) penalty provision produces a gross disparity between the sentence he is serving and the sentence likely to be imposed under the current law.

If Defendant were sentenced today, the second or successive conviction enhancement of § 924(c)(1)(C) would not apply. Instead, Defendant would face mandatory minimum sentences of seven years for brandishing a firearm and ten years for discharging a firearm. 18 U.S.C. § 924(c)(1)(A)(ii), (iii).    His mandatory minimum sentence would be 204 months as opposed to 384 months.    Thus,

---

[2]  The Sentencing Commission expressly excluded the consideration of "changes in law" as extraordinary and compelling in the 2023 amendment to its Policy Statement, to wit:

> Limitations on Changes in Law - Except as provided in subsection (b)(6), a change in the law (including an amendment to the Guidelines Manual that has not been made retroactive) shall not be considered for purposes of determining whether an extraordinary and compelling reason exists under this policy statement. However, if a defendant *otherwise* establishes that extraordinary and compelling reasons warrant a sentence reduction under this policy statement, a change in the law (including an amendment to the Guidelines Manual that has not been made retroactive) may be considered for purposes of determining the extent of any such reduction.

U.S.S.G. § 1B1.13(c) (emphasis added).    Thus, § 1B1.13(b)(6), if valid, is an exception to be carefully applied.

today's sentence would probably be different from the one Defendant is now serving.

Since the introduction of the Unusually Long Sentence provision, the Government has challenged its validity on various grounds to include that the Sentencing Commission exceeded its Congressional authority in promulgating § 1B1.13(b)(6), that recognizing intervening changes in the law as extraordinary and compelling undermines the Sentencing Reform Act of 1984, and that § 1B1.13(b)(6) is in serious tension with general separation-of-powers principles. Most district courts in the Eleventh Circuit have rejected these arguments and considered a movant's request for compassionate release based upon an unusually long sentence. See, e.g., United States v. Allen, 717 F. Supp. 3d 1308 (N.D. Ga. 2024); United States v. Smith, 2024 WL 3738462 (M.D. Fla. Aug. 9, 2024); United States v. Ingram, 2024 WL 3696514 (S.D. Ga. Aug. 7, 2024) (Baker, C.J.); United States v. Clowers, 2024 WL 3461752 (M.D. Ga. July 18, 2024); United States v. Daniel, 2024 WL 3103311 (S.D. Fla. Jun. 24, 2024). As one of these district courts explained, to find § 1B1.13(b)(6) invalid "would require courts to ignore the policy statement that Congress explicitly directed the [Sentencing] Commission to create." Allen, 717 F. Supp. 3d at 1315. Yet, as recently pointed out by the Honorable Clay D. Land in the Middle District of Georgia, applying § 1B1.13(b)(6) to the FSA's amendment of § 924(c)'s penalty provision conflicts with the

will of Congress that the amendment be non-retroactive. United States v. Cannon, --- F. Supp. 3d ---, 2025 WL 326065, at *5 (M.D. Ga. Jan. 29, 2025) (pointing out that allowing compassionate release based upon the FSA amendment would "in effect convert[] [Congress's] nonretroactive change in the law to a retroactive one").

Judge Land did not go out "on the proverbial limb alone." See id. He cites to the Third Circuit's decision in United States v. Rutherford, 120 F.4th 360 (3d Cir. 2024). In Rutherford, the Third Circuit held that because Congress had "already taken retroactivity off the table," consideration of § 924(c)'s penalty provision amendment in determining a prisoner's eligibility for compassionate release would conflict with the will of Congress. Id. at 376-78. Thus, the non-retroactive changes to the statutory penalties of § 924(c)(1)(C) cannot constitute extraordinary and compelling circumstances to reduce a sentence under § 1B1.13(b)(6). Id. at 376.

The Fifth Circuit also recently rejected the use of a non-retroactive statutory change in the law as extraordinary and compelling, concluding that agency action in the form of U.S.S.G. § 1B1.13(b)(6) "must bow to the specific directives of Congress"; that is, "the Sentencing Commission cannot make retroactive what Congress made non-retroactive." United States v. Austin, 125 F.4th 688, 692 (5th Cir. 2025) (citations omitted) (affirming the denial

of compassionate release for a prisoner whose mandatory minimum sentence was changed from 20 years to 15 years under the First Step Act of 2018).

Finally, I would be remiss not to point out that the Sentencing Commission divided 4-3 on whether to promulgate § 1B1.13(b)(6). See Sentencing Comm'n Public Meeting Tr. 55-82 (Apr. 5, 2023).[3] The dissenting Commissioners noted that allowing non-retroactive changes in the law to establish a basis for sentence reduction "supplants Congress's legislative role" and would authorize courts "to revisit duly imposed criminal sentences at the ten-year mark based on intervening legal developments that Congress did not wish to make retroactive." Id. at 60-61. The dissenting Commissioners go on to state: "The separation of powers problem should be apparent" because "[i]t is not the Commission's role to countermand Congress's legislative judgments." Id. at 61.

I agree with the Dissenting Commissioners and the reasoning in the Rutherford, Allen, and Cannon cases. I have previously noted my "grave doubts" about the validity of § 1B1.13(b)(6) in a case where the "change in law" was occasioned by intervening judicial interpretations, not statutory amendments. See United States v. Smith, Case No. 3:03-CR-011, Doc. No. 113 (S.D. Ga. July

---

[3]    The Transcript may be located at www.ussc.gov/sites/default/files/pdf/amendment-process/public-hearings-and-meetings/20230405/20230405_transcript.pdf    (last visited on Feb. 7, 2025).

3, 2024).    But, here, where Congress has expressly spoken to its legislative intent on non-retroactivity, I cannot endorse the usurpation of the will of Congress by agency action.

Upon the foregoing, Defendant Plowright's claim to the Unusually Long Sentence provision of Policy Statement § 1B1.13(b)(6) is unavailing; therefore, his motion for compassionate release (doc. no. 412) is **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this _11th_ day of February, 2025.

 

 

_____
UNITED STATES DISTRICT JUDGE